```
 1  BINGHAM McCUTCHEN LLP
    BETH H. PARKER (SBN 104773)
 2  DEBORAH A. ADLER (SBN 209525)
    TERESA FEDERER (SBN 221454)
 3  GISELLE FAHIMIAN (SBN 225572)
    Three Embarcadero Center
 4  San Francisco, California 94111-4067
    Telephone: 415.393.2000
 5  Facsimile: 415.393.2286

 6  PLANNED PARENTHOOD FEDERATION OF
    AMERICA
 7  EVE C. GARTNER
    HELENE T. KRASNOFF
 8  ROGER K. EVANS
    434 W. 33rd Street
 9  New York, New York 10001
    Telephone: 212.541.7800
10  Facsimile: 212.247.6811

11  Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC. and PLANNED PARENTHOOD GOLDEN GATE,<br><br>  Plaintiffs,<br><br>  v.<br><br>JOHN ASHCROFT, Attorney General of the United States, in his official capacity,<br><br>  Defendant. | Civil Action No. 03 4872 PJH<br><br>**STIPULATION AND [PROPOSED]**<br><br>**PROTECTIVE ORDER** |

Plaintiffs Planned Parenthood Federation of America, Inc. and Planned Parenthood Golden Gate (collectively referred to herein as "Planned Parenthood") and defendant John Ashcroft, by and through their respective counsel, stipulate and agree to the request for and entry of the following Protective Order.

This Order is sought:

(a) To protect individually identifiable health information entitled to be kept confidential;

(b) To facilitate the disclosure of individually identifiable health information, sought for purposes of this action, in accordance with the terms and conditions of 45 C.F.R. § 164.512(e), and

(c) To protect the confidentiality of individuals who may fear threats and violence against themselves and their families.

## DEFINITIONS

1. As used in this Order, the term "protected health information" is synonymous in meaning and equal in scope to the usage of this term in 45 C.F.R. § 164.501.

2. The term "Confidential Health Information" means, without regard to whether the material has been designated "Confidential Health Information," any information supplied in any form that relates to the mental or physical health condition or the medical treatment of any specific individual whether or not information has been redacted, pursuant to paragraphs 6 and 7, to delete protected health information.

3. The term "Documents," as used in this Order, is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and shall include, without limitation, all writings, drawings, graphs, charts, photographs, phono-records, data compilations from which information can be obtained or translated, and any other recorded (including electronically recorded) or graphic matter whatsoever.

4. As used in this Order, the term "Protected Individual" means any individual:

(a) whose identity is sought in any subpoena, discovery request, deposition question or other lawful process in this action from any party in this action, or from any third party for the purpose of identifying either:

        i.    individuals who have learned, performed, assisted in, otherwise participated in and/or taught abortion procedures, or

        ii.    individuals who work or train at member-affiliates of Plaintiff Planned Parenthood Federation of America or Plaintiff Planned Parenthood Golden Gate; or

        iii.    individuals who work or train at member facilities of National Abortion Federation; and

    (b)    who has not voluntarily participated as a party or a witness in this action, in <u>Carhart v. Ashcroft</u>, No. 4:03CV3385 (D. Neb.), or in <u>NAF v. Ashcroft</u>, No. 03 Civ. 8695 (RCC) (S.D.N.Y.).

    5.    As used in this Order, the term "Confidential Identifying Information" means the name and any other information that could be used to identify any Protected Individual, including but not limited to his or her name, address, telephone number, Social Security number, taxpayer identification number, email address, website address, and the name, address, and telephone number of the Protected Individual's place of employment.

    6.    As used in this Order, the term "Confidential Information" means Confidential Health Information and/or Confidential Identifying Information.

## REDACTION OF PROTECTED HEALTH INFORMATION

    7.    In an effort to protect the interests of individuals with respect to Confidential Health Information and to reduce the risk of disclosure of information that may identify a specific patient, any party responding to any subpoena, discovery request, or other lawful process in this action calling in whole or in part for the disclosure of Confidential Health Information may disclose Confidential Health Information, but shall redact any information that the producing entity in good faith believes could be used, either alone or in combination with other information, to identify a specific patient. Information that shall be redacted includes but is not limited to: the patient's name, the name of any spouse, partner, child and emergency contact

1  (collectively "patient relatives"); the birth date, social security number address, telephone
2  number, fax number and email address of the patient and any patient relative; the patient and any
3  patient relative's employer's name, address telephone number, fax number and email address;
4  and the insurance policy number or group number of any patient or patient relative.
5          8.    Any third party responding to any discovery request may disclose
6  Confidential Health Information and may redact from any production or other release of
7  Confidential Health Information any information that the producing entity in good faith believes
8  could be used, either alone or in combination with other information, to identify a specific
9  patient. Information that may be redacted includes but is not limited to: the patient's name, the
10 name of any spouse, partner, child and emergency contact (collectively "patient relatives"); the
11 birth date, social security number address, telephone number, fax number and email address of
12 the patient and any patient relative; the patient and any patient relative's employer's name,
13 address telephone number, fax number and email address; and the insurance policy number or
14 group number of any patient or patient relative. If such identifying information is not redacted
15 by the producing third party, any party that uses the Confidential Health Information in this
16 litigation shall first redact such identifying information.
17         9.    The parties agree that the entity producing protected health information
18 will follow the "minimum necessary" rule, that in using or disclosing protected health
19 information a covered entity will make reasonable efforts to limit use or disclosure of protected
20 health information to the minimum necessary to accomplish the intended purpose of the use,
21 disclosure or request. Disagreements regarding minimum necessary information to be disclosed,
22 if they cannot be resolved between the parties, may be submitted to the Court for resolution.

## TREATMENT OF CONFIDENTIAL INFORMATION

24        10.   In an effort to protect physicians and residents who have learned,
25 performed, assisted in or taught abortion procedures, and their families, from threats and
26 violence, any party that produces Confidential Identifying Information shall not provide

SF:21544860.1/0999996-2960011466        4

residential information, but shall include, if requested and where known, the name, address, and telephone number of the Protected Individual's place of employment. This paragraph (1) shall not preclude Defendant from seeking to obtain residential information from a party when employment information is not available or a reasonable alternative for service of discovery upon a Protected Individual does not exist; (2) shall not waive Plaintiffs' right to object to producing residential information if requested; and (3) does not constitute a ruling on whether Defendant may obtain residential information in appropriate circumstances.

11. Any party that produces Confidential Information in a written document shall stamp such documents "Confidential Information – Subject to a Protective Order."

12. Any party that seeks Confidential Information from a third party in a written document shall provide such third party with a copy of this Order, and shall instruct such third party to stamp documents containing Confidential Information, "Confidential Information – Subject to a Protective Order," and shall note for such third party the restriction in this Order regarding disclosure of residential information of Protected Individuals.

13. The parties shall allow no person to have access to Confidential Information, nor shall any person be informed of the substance of Confidential Information, except as otherwise provided in this Order or by further order of the Court. Any party that receives Confidential Information through this litigation shall maintain it in a confidential manner.

14. The parties shall not disclose or distribute Confidential Information to any person or entity other than the following:

    (a) attorneys for the parties (including their paralegals, clerical and other assistants) in this case and in *Carhart v. Ashcroft*, No. 4:03CV3385 (D. Neb.) ("*Carhart*"), and *National Abortion Federation v. Ashcroft*, No. 03 Civ. 8695 (RCC) ("*NAF*"), who have a clear need for access to Confidential Information in

1   connection with this action, *Carhart*, or *NAF*. Attorneys,
2   paralegals, clerical and other assistants who have a clear need for
3   access to Confidential Information in connection with this action
4   shall be furnished with a copy of this Order and be told that they
5   are bound by its terms and may not disclose the Confidential
6   Information to any other individual except as provided in this
7   Order.
8   (b)  outside contractors hired to copy, image, index, sort, or otherwise
9   manage the storage and retrieval of case materials provided such
10  persons have signed an acknowledgement in the form annexed
11  hereto as Appendix A, attesting to the fact that they have read this
12  Order and agree to be bound by its terms;
13  (c)  persons retained by a party or its counsel to serve as expert
14  witnesses or otherwise to provide advice to counsel in connection
15  with this action, or persons otherwise providing expert testimony
16  in this action, provided such persons have signed an
17  acknowledgement in the form annexed hereto as Appendix A,
18  attesting to the fact that they have read this Order and agree to be
19  bound by its terms;
20  (d)  court reporters, videographers, and stenographers engaged to
21  record, video or transcribe depositions and court proceedings
22  conducted in this action;
23  (e)  witnesses with factual knowledge relating to the case in the course
24  of an interview, deposition, or testimony, provided that the witness
25  is associated with the source of the Confidential Information to be
26

disclosed or the Confidential Information relates to or is about the witness;

    (f)    the Court and its support personnel.

The parties shall not disclose Confidential Information to any persons described under subparagraphs (d) unless and until such persons have read and signed an acknowledgment, in the form attached hereto as Appendix B, that the information to be shared with them contains confidential information that is subject to this Order, and should not be further disclosed except for purposes having to do with this litigation.

15.    The parties and any individuals to whom they disclose Confidential Information may use or disclose Confidential Information solely for the purpose of the prosecution or defense of this action, *NAF* and *Carhart*, conditioned upon entry of a protective order, similar in scope and constraint to this Order, in the litigation in which the information is to be used, and not for any other purpose, including but not limited to any business purpose, or any governmental, administrative, or judicial proceedings.

16.    During any deposition noticed in connection with this case, a witness or any counsel may indicate on the record that a question calls for Confidential Information, or that an answer has disclosed Confidential Information. Such Information may be so designated either:

    (a)    during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information"; or

    (b)    by written notice to the reporter and to all counsel of record, given within ten (10) calendar days after the date of the reporter's written notice to the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of the designation shall be responsible for marking the

1  copies of the transcript in their possession or under their control as
2  directed by the designating party.
3  When a designation is made during a deposition, upon the request of counsel, all persons, except
4  persons entitled to receive the Confidential Information, shall leave the room where the
5  deposition is proceeding until completion of the answer or answers containing Confidential
6  Information.

7       17.    Any Confidential Information that is filed with the Court, and any
8  pleadings, motions, exhibits, or other papers filed with the Court disclosing Confidential
9  Information, shall be filed under seal and kept under seal and may be unsealed only by Order of
10 this Court. Filed under seal shall mean filing in sealed envelopes or other appropriately sealed
11 containers on which shall be endorsed the title of this action, an indication of the nature of the
12 contents of the sealed envelope or other container, the identity of the party filing the materials,
13 the word "CONFIDENTIAL" and a statement substantially in the following form: "This
14 envelope contains documents subject to the Protective Order entered in this action. It is not to be
15 opened nor the contents of it displayed, revealed or made public, except by Order of the Court."

16      18.    The procedures for use of documents containing Confidential Information
17 during any hearing or the trial of this matter shall be determined by the parties and the Court in
18 advance of the hearing or trial. No party shall disclose Confidential Information in open Court
19 without prior consideration by the Court. Confidential Information produced in this litigation
20 may not be used at a hearing, in trial, as an exhibit or otherwise, in *NAF* or *Carhart*, unless the
21 party that produced the Confidential Information is given notice in writing and at least five (5)
22 business days to object to the proposed use and the matter is resolved either by stipulation of the
23 parties or this Court.

24      19.    This Order shall not preclude any party from contesting the validity or
25 propriety of any claim of confidentiality asserted hereunder by a producing entity or person. If a
26 disagreement among the producing entity and/or the parties regarding the appropriate

1  designation of a documents as containing Confidential Information cannot be resolved, then the
2  dispute shall be presented only to the Court that has jurisdiction over the action in which, or over
3  the subpoena pursuant to which, the Confidential Information was originally produced for
4  resolution by motion or otherwise.  Pending a resolution of the dispute, the information in
5  question shall continue to be treated as Confidential Identifying Information subject to the
6  provisions of this Order, and any documents or papers disclosing the Confidential Identifying
7  Information that are filed with the Court shall be filed under seal.

8         20.    The failure to designate correctly any Confidential Information produced
9  or disclosed in this action does not waive the confidence otherwise attaching to the Confidential
10 Information.  Upon a party's or third party's discovery that the information was incorrectly
11 designated or not designated, that party or third party shall provide notice to each receiving
12 person or entity.  The party or non-party shall have ten (10) business days in which to designate
13 or redesignate the information.  In the interim, the information may not be used in a manner
14 inconsistent with this Order.

15        21.    If another court or administrative agency subpoenas or orders production
16 of Confidential Information that a party has obtained under the terms of this protective order,
17 such party shall, if there are fewer than ten (10) business days to comply, within two (2) days, or,
18 if there are more than ten (10) business days to comply, at least seven (7) business days prior to
19 the due date of compliance, notify the party or third-party that produced the Confidential
20 Information of the pendency of the subpoena, public records request, or order in writing and
21 shall not produce the Confidential Information until the producing party has had a reasonable
22 time to take appropriate steps to protect the Confidential Information.

23        22.    This Order shall not preclude any party from filing a motion to unseal any
24 portions of the record for purposes of this litigation, including but not limited to use during trial.
25 A motion to unseal portions of the record shall be presented only to the Court that has
26 jurisdiction over the action in which the Confidential Information was originally produced for

1  resolution by motion or otherwise. Pending a resolution of the dispute, the information in
2  question shall continue to be treated as Confidential Identifying Information subject to the
3  provisions of this Order, and any documents or papers disclosing the Confidential Identifying
4  Information that are filed with the Court shall be filed under seal. The designated Confidential
5  Information shall continue to be treated as Confidential subject to the provisions of this Order
6  pending a ruling by the Court.

7  23.  The termination of this litigation shall not relieve any person or party
8  provided Confidential Information of his, her or its obligations under this Order.

## GENERAL PROVISIONS

10  24.  At the end of the litigation -- whether by settlement or final judgment, and
11  the termination of any appeal therefrom -- the parties shall destroy or return to the producing
12  entity all documents containing Confidential Information, and any copies thereof that remain in
13  their possession, custody or control within sixty (60) days of the conclusion of this litigation,
14  including any appeals, provided that counsel for each party may retain one complete set of any
15  such materials that were presented in any form to the Court. Any such retained materials shall be
16  placed in an envelope or envelopes marked "Confidential Information Subject to Protective
17  Order," and to which shall be attached a copy of this Order.

18  25.  Nothing in this Order shall prevent any party from seeking a modification
19  of, or appropriate relief from, any provision herein from either a party to this action or the Court
20  that has jurisdiction over the action in which the Protective Order was entered.

21  26.  This Order does not constitute a ruling on the question of whether any
22  particular material is properly discoverable or admissible, and does not constitute a ruling on any
23  potential objection to the discoverability of any material.

1 DATED: Jan. 28, 2004

BINGHAM McCUTCHEN LLP

PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.

By: _____
Attorneys for Plaintiffs
Planned Parenthood Federation of America, Inc. and Planned Parenthood Golden Gate

8
9 DATED: January 28, 2004

UNITED STATES DEPARTMENT OF JUSTICE

By: _____
Attorneys for Defendant
John Ashcroft

14 IT IS SO ORDERED.
15 DATED: _____

_____
Hon. Phyllis J. Hamilton
District Court Judge

Appendix A

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he (she) has read the [Agreed] Protective Order entered in the United States District Court for the _____ District of _____ in the case captioned _____, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Information, or documents containing Confidential Information, made available to him (her) other than in strict compliance with the Order. The undersigned acknowledges that his (her) duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

BY: _____
      (type or print name)


SIGNED: _____

SF:21544860.1/0999996-2960011466

Appendix B

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that Confidential Information or documents containing Confidential Information to be shared with him (her) in the case captioned _____ contain information of a personal and private nature, and that this information is subject to an Order of the United States District Court for the _____ District of _____, which prohibits the parties to the case from using or disclosing this information for any purposes unrelated to the case. The undersigned agrees that he (she) should not further disclose the Confidential Information he (she) is to receive except for reasons having to do with this litigation.

BY: _____
(type or print name)

SIGNED: _____

SF:21544860.1/0999996-2960011466

[AGREED] PROTECTIVE ORDER